# Nancy L. Perry
## Attorney at Law

1411 West Avenue, Suite 200　　　　　　　　　　　　　　　　　　　(512) 236-1916
Austin, Texas 78701　　　　　　　　　　　　　　　　　　　　　　Fax (512) 236-1907

June 25, 2007

**VIA FAX & EMAIL @ jason.contreras@oag.state.tx.us**
Jason Contreras
Assistant Attorney General
General Litigation Division
P.O. Box 12548, Capitol Station
Austin, Texas 78711

　　　　　　Re:　Civil Action No. A-06-CA427 SS; *Richardson v. University of Texas at Austin*; In the United States District Court for the Western District of Texas, Austin Division

Dear Mr. Contreras,

　　It was good to finally speak with you last week. I understand that you will be making a copy of the complete file that you have on Mr. Richardson's case and delivering it to my office. Thank you for your cooperation on this point. I hope to receive those copies by tomorrow. If there is going to be a problem with that timeline please let me know as soon as possible when I might come and look at these documents in your office. I don't imagine that you have to be present for my review of these documents so I would appreciate the soonest possible time.

　　As per our telephone conversation of June 22, 2007, where I expressed my desire to obtain further discovery production from UT through Mr. Richardson's previously served RFPs by modifying the requests to address UT's objections of overbroad, unduly burdensome and not limited in time or scope, please find our discovery request modifications of Plaintiff Fred Richardson's First Request for Production to Defendant University of Texas.

1. Requests for Production numbers 1, 2, 3 and 11 modified to only records, documents, reports, investigations and/or correspondence related to age discrimination, race discrimination and/or retaliation complaints involving decisions made by Dave Puntch, Hoa Nguyen, Crystal Thomas-King, Amy Wilson, Dawn Knox, Juan Gonzalez, Andy Smith, Dr. James Vicks and/or William Powers for the period 2002 to the present (except where otherwise specifically referenced). Defendant's Objections and Responses to Plaintiff's First Request for Production indicated that they are in possession of Plaintiff's EEOC and TCHR files. Plaintiff would like to schedule a time for review and inspection of same.
2. Request for Production number 4 modified to resumes and applications of those persons that were interviewed, and where no person was interviewed, the resume and application of the

applicant selected, for the following positions that Plaintiff complains he was passed over for:
   a. Retail Manager position, David Stallcup selected;
   b. Facility Supervisor, David Stallcup selected;
   c. Facility Supervisor, Jerry Drake selected;
   d. Facility Supervisor, Hoa Nguyen selected;
   e. Event Manager, Christine Jones selected;
   f. Building Attendant Leader, David Martinez selected;
   g. Student Affairs Administrator., Alicia Green selected;
   h. Assistant Operations Director, Dawn Knox selected;
   i. Assistant Operations Director, Hoa Nugyen selected;
   j. Senior Retail Manager, Charles Locke selected;
   k. Retail Manager, Kevin Ray selected.
3. Request for Production number 5 modified to include the substantive language of his open records requests from June 7, 2006 which he obviously originally intended and which UT objected to on the basis that there was pending litigation -
   "the applications, resumes, promotions received, merit raises received and salaries for employees in a similar position as Plaintiff" and
   "All applications, resumes, promotions received, merit raises received and salaries of the following individuals; George Kane, David J. Stallcup, Jerry Drake, Hoa Nguyen, Dawn Knox, Robert Lawrence, Juan Martinez, Pam Jaroschy, Eddie Hudspeth, David A. Puntch, Andrew Smith Jr., Steve Bearden, Christine Jones, Hector Molina, David Martinez, Crystal Thomas-King, Kevin G. Freemeyer and Plaintiff."
   Personnel records of non-party employees of Defendant that would be encompassed by this request can be protected by an agreed order. It would make no sense for UT to turn around and also object to producing this information now, given that Richardson is now making the request in the very same litigation setting that formed the basis for the initial refusal to produce these records.
4. Request for Production number 6 modified to only the BMRs for the period 2000 to present.
5. Requests for Production numbers 7 and 8; we have yet to receive Plaintiff's personnel file.
6. Request for Production number 9 modified to any and all non-privileged notes, memos reports correspondence and statements of persons having knowledge of relevant facts pertaining to allegations made the basis of this lawsuit for the period 2002 to present. Defendant has indicated in its response that it is in possession of documents responsive to this request. Plaintiff would like to schedule a time for review and inspection of same. With regard to documents responsive to this request but protected under the assertion of privilege, Plaintiff requests a privilege log.
7. Request for Production number 12 modified to any and all records, correspondence, and/or documents, relating to Plaintiff and/or any of Plaintiff's allegations made the basis of this lawsuit, between Defendant and Dr. James Vicks, Dr. Juan Gonzalez, Andrew Smith, Linda Millstone, Robert Lawrence, David Puntch, Hoa Nguyen, Amy Wilson, Jean Muller, Dawn Knox, Crystal King, and Marguerite Elliot for the period 2002 to present.
8. Request for Production number 13 modified to the positions listed hereinabove, number 2(a)-(k).

9. Request for Production number 14 modified to only documents related to communications, correspondence, memos, reports and/or notes related to the justifications and/or reasons for reclassifying and/or removing the Building Services Supervisor position within or from the UT Pay plan and/or changing the description or classification of the Facility Supervisor position. This request specifically contemplates receiving copies of the job descriptions and pay plans for Building Services Supervisor and Facility Supervisor before and after each position was reclassified and/or removed.
10. Request for Production number 15 modified to only documents related to communications, correspondence, memos, reports and/or notes between Andy Smith, Rich Heller, Gary Shelton and George Kane related to the justifications/reasons for reclassifying the Facility Supervisor position from its prior classification and/or description to its current classification and/or description and The University of Texas' policies and/or procedures that were the basis of authorization for the reclassifications.

While we understand Defendant's position is that Defendant is only required to comply with the Court's order issued May 30, 2007, we would like to remind Defendant of your obligation to respond to Plaintiff's requests for production under Rule 34(b) of the Federal Rules of Civil Procedure. While Defendant stated its objections to Plaintiff's requests in part, Defendant has failed to afford discovery as to the parts of the requests for which Defendant does not have a sustainable objection. As such, I believe that the foregoing modifications attempt to elicit the relevant documents to Mr. Richardson's case including his actionable claims as well as his claims of pattern and practice and prior consistent conduct.

I was not privy to the conference with the Court regarding the competing Motions to Compel Discovery, however, upon further confirmation with Mr. Richardson, we would reiterate our position that the Court initially stated that Defendant was to produce information with regard to Mr. Stallcup as well as the seven individuals named in the Court's May 30th order. You will note that the above modifications have been tailored to come within the Court's latest order regarding discovery.

In our last telephone conversation you indicated that you had not had the chance to review many of the documents that Defendant has made available to you. Of the documents that you will not be making a copy of for immediate production to me, I would ask that you review same and determine if you will be producing any of them to me and if so, to do it fairly soon. As you are no doubt aware, the time left prior to the dispositive motion deadline and trial is quickly shrinking.

If you have any questions or concerns regarding the foregoing, please do not hesitate to contact my office at the numbers listed above. I look forward to our lunch meeting scheduled for 12:00 p.m. tomorrow, June 26th at the Clay Pit.

Sincerely,

Nancy Perry

NLP/np
CC:   File
      Client